UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERARDO ORTIZ MAGANA, | ) | 1:08-CV-01154 GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION WITH |
| v. | ) | LEAVE TO FILE AMENDED PETITION |
| | ) | |
| M. MUKASEY, Attorney General, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On August 6, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1  dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be
2  dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded
3  were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) *be printed, typewritten, or legibly handwritten; and*
> (5) *be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.*

From the caption of the instant petition, it appears that Petitioner seeks to challenge his detention by the Bureau of Immigration and Customs Enforcement. However, Petitioner has not filed a complete federal habeas petition with the Court. Only the first page of the petition was filed along with supporting pages to a motion to appoint counsel. The Court cannot discern Petitioner's claims from the information provided. Petitioner fails to identify any of his grounds for relief or any facts supporting those grounds. Therefore, the petition must be dismissed.

Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely filled-out petition with cognizable federal claims clearly stated, with exhaustion of state remedies clearly stated, and with a proper respondent clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

///
///
///
///

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order.

IT IS SO ORDERED.

**Dated:** **August 25, 2008**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE